David Abrams, Attorney at Law
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of New York
_____
                                        )
Analisse Castillo,                      )
                                        )
                Plaintiff,              )
                                        )     No.
        - against -                     )
                                        )
International Proactive Security Inc. a/k/a )  **Complaint**
International Proactive Security NY     )
                                        )
                Defendants.             )
                                        )
_____)

Plaintiff, complaining of the Defendants by her attorney, David Abrams, Attorney at Law, respectfully set forth and allege as follows:

**I.      Introduction**

1.      This is an action for wages and overtime under the Fair Labor Standards Act and the New York Labor Law.  Plaintiff also asserts a claim for failure to provide proper notification under the Wage Theft Prevention Act and unlawful retaliation under the New York City Human Rights Law.

**II.     Parties**

2.      Plaintiff Analisse Castillo ("Plaintiff" or "Ms. Castillo") is a natural person and is a resident, citizen, and domiciliary of New York.

3.      Defendant International Proactive Security LLC (the "Employer") is a foreign business entity with a principle place of business in the State of New Jersey.

**III.    Venue and Jurisdiction**

4. The Court has subject matter jurisdiction over this matter in that Plaintiff asserts claims under federal law and the remaining claims are part of the same case or controversy.  In the alternative, the parties to this matter are completely diverse and Plaintiff seeks damages in excess of $75,000.

5. The Court has personal jurisdiction over the Employer in that this matter arises from the Employer's employment of the Plaintiff at its facility which is located in New York, New York.

6. Venue is appropriate in that this matter in the Southern District in that this matter arises from the Defendant's employment of the Plaintiff at its facility which is located in New York County.

**IV.    Background**

7. At all times relevant to this complaint, the Employer operated a security agency.

8. Plaintiff was employed by the Employer as a payroll processor for approximately 1 year and 4 months until her employment ended in or about January of 2020.

9. Although Plaintiff's hours varied from week to week, sometimes she worked in excess of 40 hours per week.  In a typical week in which Plaintiff worked more than 40 hours per week, she typically worked 8am to 6pm on Monday; 8am to 5pm Tuesday; and approximately 8:45 to 4:45 on Wednesday, Thursday, and Friday.  This happened approximately 50-60% of the weeks in which Plaintiff was employed by the Defendant.

10. At no time was Plaintiff paid overtime premiums.  Rather, she was paid a fixed salary.

11. In addition, Plaintiff's pay stubs did not reflect her hours worked.  Nor did they contain the Employer's legal name or telephone number.

12. Towards the end of her employment, a male supervisor started attempting to fraternize with Plaintiff outside of work.

13. Plaintiff is a young woman and upon information and belief, the supervisor in question has a pattern of making these sorts of social advances towards young women employed by the Employer.

14. Plaintiff rebuffed the supervisor's advances requesting that he keep their relationship professional.

15. Plaintiff was discharged shortly thereafter. Upon information and belief, Plaintiff's discharge was in retaliation for her refusal to have a relationship with the supervisor in question outside of work.

**V.     Causes of Action and Demand for Relief**

<u>Count One: Violation of New York Wage & Hour Law</u>

16. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

17. Plaintiff was an employee of the Employer within the meaning of the New York Minimum Wage Act and accompanying regulations.

18. The Employer was an employer within the meaning of those same regulations in that it employed Plaintiff.

19. The Defendants violated the above law and regulations in that it did not pay overtime premiums to the Plaintiff and did not provide Plaintiff with proper paystubs reflecting her hours worked.

<u>Count Two: Violation of the Fair Labor Standards Act</u>

20. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

21.     Plaintiff's employment was covered by the Fair Labor Standards Act in that she regularly used the instrumentalities of interstate commerce in the course of her employment.

22.     More specifically, approximately 4 or 5 times per day, Plaintiff had to communicate by telephone between her work site in New York and the Employer's headquarters in New Jersey.  This was generally to communicate payroll information.  In addition, Plaintiff regularly called her supervisor who worked in New Jersey to report her comings and goings and other general issues.

23.     Alternatively, the Employer's annual revenue far exceeds the $500,000 threshold. Plaintiff herself was responsible for payroll processing for approximately 500 employees whose wages ranged from $600 per week to $2000 per week.  Thus, the minimum revenue to pay for these employees would have been well over $15 million per year.

24.     Further, many of the employees are "in commerce."  For example, the Employer maintains offices in New York and New Jersey.  Therefore multiple employees must communicate regularly between the New York and New Jersey offices.

25.     Accordingly, Plaintiff's employment was covered by the Fair Labor Standards Act.

26.     The Defendant violated the Fair Labor Standards Act in that it did not properly compensate Plaintiff for the overtime hours she worked.

<u>Count Three: Violation of the New York City Human Rights Law</u>

27.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

28.     The Employer is covered by the New York City Human Rights Law in that it has far more than 4 employees and Plaintiff was employed at the Employer's facility in Manhattan.

29. Plaintiff was treated differently because of her age and sex in that her supervisor attempted to build a social relationship with her because she was a young woman.

30. Therefore, Plaintiff's conduct in requesting that the supervisor keep things professional was protected in that she was opposing discriminatory activity. Accordingly, Plaintiff's discharge from employment amounts to unlawful retaliation.

WHEREFORE  Plaintiff demands judgment against the Employer in the amount of her unpaid back wages, overtime, lost wages and liquidated damages, compensatory damages, and punitive damages, in an amount not more than $400,000.00 which includes attorneys fees and costs, and such other and further relief that the Court deems just.

    Respectfully submitted,

*/s/ David Abrams*

David Abrams
 Attorney for Plaintiff
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821
Fax     212-897-5811

April 23, 2020
New York, New York